## Carroll v. Erdman

*Louis Rosenberg* and *Fred Wolf*, for defendant.

O'BRIEN, J., June 28, 1956.—This matter is before the court en banc on the preliminary objections, ex parte defendant, in the nature of a demurrer to the complaint in mandamus and a motion to open and strike off a summary judgment entered thereon. This latter facet of defendant's preliminary objections is not, strictly speaking, a proper matter for preliminary objections. However, it will be given consideration because of the peculiarities of pleading sometimes attending an action in mandamus.

Plaintiff was prosecuted before defendant, justice of the peace, for violation of a tax ordinance of the Borough of Pleasant Hills. The information in that prosecution having been filed about May 23, 1955, appearance entered, and hearing set for June 2, 1955, plaintiff gave notice to defendant to issue subpoenas on his behalf, and defendant refused to so do. Subsequent requests were similarly refused but defendant granted a continuance until June 9, 1955.

On June 6, 1955, plaintiff filed the complaint in this action of mandamus, and prayed that a summary judgment be entered commanding defendant to issue the subject subpoenas and also seeking costs for this action. Defendant, having been given timely notice of the presentation of his request for summary judgment, did not appear, and an order was made, commanding the issuance of the subject subpoenas. Pursuant to that order the subpoenas were issued by defendant, the prosecution there involved proceeded, and it is now no further concern of this court.

However, the question of the costs in this action had not been determined, and, on July 7, 1955, plaintiff notified defendant that an answer to the complaint must be filed within five days or, in lieu thereof, plaintiff would take judgment by default; presumably for

the costs, the question of the mandatory relief having become moot by the issuance of the subpoenas. Defendant then filed the objections and motion which are now before the court.

Pa. R. C. P. 1098 provides the basis for the court's decision in granting the summary judgment in this action. An examination of that rule discloses that notice should be given to all parties prior to entering judgment, and that was done in this instance. Rule 1098 further provides that a judgment so entered may be opened "upon cause shown". The only cause which defendant has attempted to show is by way of the demurrer and an objection to the court's jurisdiction in this matter.

As to the question of jurisdiction, it will suffice to say that the Act of June 8, 1893, P. L. 345, sec. 1, as amended, 12 PS §1911, places the jurisdiction for this action clearly in the courts of common pleas. Therefore, the single remaining question is whether or not the complaint states a good cause of action.

The basic, and practically the only, allegation requisite to a complaint of this type is that defendant has failed and refused to perform some ministerial act which plaintiff is entitled to have performed. Such an allegation is contained in the complaint and, consequently, since all facts well pleaded are admitted for the sake of deciding a demurrer, the complaint would have to stand. However, lest it be contended that the issuance of these subpoenas was not a ministerial act which plaintiff was entitled to have performed, it should be stated that this court deems the prosecution under the taxing ordinance involved to be sufficiently penal in nature to be includable within the guarantee of article 1, sec. 9 of the Pennsylvania Constitution which provides for compulsory process. The prosecution, under the subject ordinance, is ini-

tiated by information; plaintiff (defendant therein) was caused to give bail; and the penalty prescribed is of the penal type.

Therefore, defendant's motion and preliminary objections must be dismissed.

### *Order*

And now, to wit, June 28, 1956, after argument, submission of briefs, and consideration thereof, it is ordered that the motion to open and the preliminary objections, ex parte defendant, be and hereby are refused and dismissed, and leave is hereby granted to defendant to file an answer to plaintiff's complaint within 20 days of the date hereof.

Eo die, an exception is noted to defendant and bill sealed.